## No. 28337

**The People of the State of Colorado v. Max James Rael**

(597 P.2d 584)

Decided July 23, 1979.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Robert Breindel, Deputy, for defendant-appellee.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

The People appeal the district court's dismissal of a charge of first-degree assault on a police officer. We disapprove the ruling.

On July 20, 1976 at 11:00 p.m. two Federal Heights Police Department officers finished work and decided to go for coffee and doughnuts at a restaurant in Thornton. Officer McGuire was not in uniform, but Officer Abbato was. As they departed the restaurant, the officers heard glass breaking at a nearby service station. Upon investigation, they found the station closed, a window broken and someone inside. As they watched, the defendant burst through a window and ran past the officers.

The officers identified themselves as police, pursued the defendant and wrestled him to the ground. In the ensuing struggle, the defendant seized Officer Abbato's service revolver, shot Officer McGuire three times and shot Officer Abbato in the chest.

One charge brought against the defendant was first-degree assault on police officer Abbato in violation of section 18-3-202(1)(e), C.R.S. 1973 (now in 1978 Repl. Vol. 8). At the close of the prosecution's case, the defendant moved for dismissal of the first-degree assault charge relating to the shooting of Officer Abbato on the ground that the statute was inapplicable because Abbato was not acting within his territorial jurisdiction and was not on duty. The district court granted the motion and reduced the charge to the lesser included offense of second-degree assault. The defendant was convicted on the latter charge.

■ Initially, we note that the defendant claims that review is not appropriate because the defendant may not be retried and because the case presents no question of law since the court based its ruling upon a question concerning the sufficiency of evidence. We disagree. The district court based its ruling upon interpretation of the relevant statutes. Sections 18-3-

201(2) and 202(1)(e), C.R.S. 1973. This was obviously a question of law. Section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8); Crim. P. 37-40; C.A.R. 1 *et seq.*; *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971).

Section 18-3-201(2), C.R.S. 1973 defines a peace officer acting in the performance of duties in the following manner:

"(2) 'Peace officer or fireman engaged in the performance of his duties' means a peace officer or fireman who is engaged or acting in, or who is present for the purpose of engaging or acting in, the performance of any duty, service, or function imposed, authorized, required, or *permitted by law* to be performed by a peace officer or fireman, whether or not the peace officer or fireman is within the territorial limits of his jurisdiction, if the peace officer or fireman is in uniform; or the person committing an assault upon or offense against or otherwise acting toward such peace officer or fireman knows or reasonably should know that the victim is a peace officer or fireman." (Emphasis added.)

Section 18-3-202(1)(e), C.R.S. 1973 prohibits threatening with a deadly weapon a police officer engaged in the performance of a duty in the following terms:

"(e) With intent to cause serious bodily injury upon the person of a peace officer or fireman, he threatens with a deadly weapon a peace officer or fireman engaged in the performance of his duties, and the offender knows or reasonably should know that the victim is a peace officer or fireman acting in the performance of his duties . . . ."

Defendant raises no question regarding Officer Abbato's status as a peace officer of the Federal Heights Police Department, the fact that he threatened the officer with a deadly weapon or his knowledge that the officer was a peace officer. The defendant argues only that Officer Abbato was not engaged in the performance of his duties because he was off duty and outside his territorial jurisdiction.

In agreeing with the defendant, the district court confused the requirement that the assault victim have the *status* of a police officer with the requirement that the victim be engaged in the performance of his duties. The latter requirement is met if the peace officer performs a duty, service or function merely *permitted by law,* as well as one mandated by his position as a law enforcement official. Section 18-3-201(2), C.R.S. 1973. Authority for performance of the duty, service or function is not limited by the person's status as an *on-duty* peace officer.

Here Officer Abbato clearly attempted to perform a law enforcement function, *viz.,* to arrest someone committing a crime. Thus, he came within the statutory condition since he was attempting to make an arrest permitted by law and while engaging in the performance of his duties.

In view of this conclusion, it is not necessary to consider the People's additional contention that his actions were required by law because they

were mandated by the Rules and Regulations of the Federal Heights Police Department.

The granting of the motion to dismiss was error, and the ruling is therefore disapproved.

JUSTICE CARRIGAN does not participate.