The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

James L. JOHNSON, Defendant-Appellant.

No. 82CA0888.

Colorado Court of Appeals, Div. III.

Nov. 10, 1983.

Rehearing Denied Dec. 8, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Pamela E. Schenkein, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, James Love Johnson, appeals his judgment of conviction of first degree assault on a police officer, contending that there is insufficient evidence to sustain his conviction. We affirm.

The evidence at trial established that the victim, Officer Wilson, and his partner responded to a burglary call, but found the building to be secure. The officers were fully uniformed. They then went to a building a block away that had been burglarized the night before. As they inspected the building they made eye contact with an individual walking down the street who

was later identified by Officer Wilson as the defendant. Officer Wilson testified that the individual was wearing a heavy overcoat which was unusual for a mild spring evening. In addition, the individual made a furtive gesture when he saw the officers.

The officers went to the other side of the building, where they saw the same individual walking rapidly down the alley. The officers followed him for some distance in their marked police car. When he ran between two buildings, Officer Wilson left the car and followed him on foot to a parking lot.

The officer attempted to conduct an investigatory stop but defendant refused to cooperate. The incident culminated in the defendant struggling with the officer, grabbing the officer's gun, and breaking the officer's finger in the process. Defendant cocked the revolver, pointed it at the officer, and threatened to kill him. However, a witness began to yell, and defendant ran away.

Defendant contends that his conviction cannot stand because the prosecution failed to present any evidence of one essential element of the crime: that the police officer was engaged in the performance of his duties at the time he was assaulted. His contention is without merit.

■ In the trial court no specific finding was made with respect to the legality of Officer Wilson's stop of defendant. While our review of the record indicates that the stop may not conform to the requirements of *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971); *see People v. Thomas,* 660 P.2d 1272 (Colo.1983); *People v. Tate,* 657 P.2d 955 (Colo.1983), we hold that such conformity is not necessary to sustain the conviction.

■ A police officer is engaged in the performance of his duties for purposes of the assault statutes when he "performs a duty, service or function merely *permitted by law,* as well as one mandated by his position as a law enforcement official."

*People v. Rael,* 198 Colo. 225, 597 P.2d 584 (1979) (emphasis in original).

The federal courts have adopted the position that a law enforcement officer does not lose his official capacity while making an arrest which is subsequently found to be unlawful, if he is acting within the scope of his employment and is not engaged in a personal frolic. *United States v. Heliczer,* 373 F.2d 241 (2d Cir.1967); *United States v. Young,* 614 F.2d 243 (10th Cir.1980); *see also State v. Doe,* 92 N.M. 100, 583 P.2d 464 (1978). This proposition is an expression of the policy that an individual is not entitled to respond to a good faith but illegal detention with violence, but must pursue relief through official channels. *See State v. Doe, supra.*

Our General Assembly adopted this policy in § 18–8–103(2), C.R.S.1973 (1978 Repl. Vol. 8), which provides that an individual is not privileged to resist an illegal arrest with violence, unless in making the arrest a police officer uses excessive force giving rise to a right of self-defense. *See also* § 18–3–303, C.R.S.1973 (1978 Repl.Vol. 8) (illegal arrest by a police officer not a crime if made in good faith).

■ We, therefore, adopt the federal standard, and hold that a law enforcement officer is "engaged in the performance of his duties" while making in good faith an arrest or stop which may be later adjudged to be invalid, unless he is on a personal frolic or resorts to unreasonable or excessive force.

■ Here, it is undisputed that the officer stopped defendant believing in good faith that he had sufficient grounds to do so and that he did not use unreasonable or excessive force in so doing. Thus, Officer Wilson was engaged in the performance of a lawful duty. *Cf. United States v. Heliczer, supra.*

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.