The PEOPLE of the State of Colorado, Petitioner–Appellant,

In the Interest of J.J.C., a Child, Appellee,

and Concerning W.C., Respondent.

No. 91CA0239.

Colorado Court of Appeals, Div. II.

Jan. 30, 1992.

As Modified on Denial of Rehearing March 19, 1992.

Certiorari Granted Sept. 14, 1992.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Englewood, for petitioner-appellant.

No appearance for appellee.

Opinion by Judge SMITH.

In this juvenile delinquency proceeding, the People appeal from a district court ruling dismissing the charge against J.C.C., a juvenile, of having committed acts that if committed by an adult, would constitute the crime of resisting arrest. We affirm.

On March 9, 1990, J.J.C. was asked to leave the premises of Skate City in Aurora by the managers. An Aurora detective, while off-duty from his position with the Aurora Police Department, was working for Skate City as a security guard. When J.C.C. refused to leave the premises, a confrontation ensued during which the off-duty officer attempted to arrest J.C.C. J.C.C. resisted Wehmer's attempts and was later taken into custody by the off-duty officer and an on-duty officer.

J.C.C. was subsequently charged with having committed acts that would constitute third-degree criminal trespass, disorderly conduct, and resisting arrest if done by an adult. The court found that the off-duty police officer was not acting under color of his authority and that, therefore, J.C.C. could not be guilty of resisting arrest. Accordingly, the court dismissed that charge.

## I.

The People contend the district court erred in ruling that an off-duty police officer is not acting under the "color of his official authority" when making an arrest for misdemeanors and petty offenses committed in his presence. We disagree.

The pertinent statute is § 18–8–103, C.R.S. (1986 Repl.Vol. 8B). It provides, *inter alia:*

> A person commits resisting arrest if he knowingly prevents or attempts to prevent a peace officer acting under color of his official authority, from effecting an arrest of the actor or another ... A peace officer acts "under color of his official authority" when, in the regular course of assigned duties....

■ When interpreting a statute, we first look to the plain language of the statute to determine the legislative intent. If the language is clear and the intent of the General Assembly may be determined with reasonable certainty, it is not necessary to pursue other rules of statutory interpretation. *McKinney v. Kautzky*, 801 P.2d 508 (Colo.1990).

■ Here, the plain meaning of the statutory language is clear. The acts of an officer "under color of his official authority" are expressly limited to those pursued "in the regular course of assigned duties." This limitation was placed specifically within the definition of the crime of resisting arrest. When one resists arrest, it is actually the authority behind the arrest that one is opposing.

As a matter of public policy, it is important to delineate between official, or governmental, authority and the protections that may inure under the common law to a private person who may for good cause deprive another of his liberty. Deprivation of an individual's liberty is an act of utmost gravity. When making an arrest, on-duty police officers act under the official authority of the state and must effect such arrest under very different constitutional, procedural, and statutory requirements from those which apply in the so-called "citizen arrest," *i.e.*, when a private individual effectively deprives another of his or her liberty.

■ When an off-duty peace officer works for a private employer, even though his duty may be to maintain peace and order, his authority derives from his private employer, not from the power of the state. An off-duty officer performing such duties for a private employer has no more authority than his employer because he represents his private employer's interests, not the public interest. Hence, to make a valid arrest, he must comply with the law applicable to a citizen's arrest. *Stewart v. State of Oklahoma*, 527 P.2d 22 (Okla.Crim.App.1974).

■ An individual who resists detainment by a person whose authority does not derive from government has not resisted any official authority and, therefore, cannot be guilty of the crime of resisting arrest. In point of fact, if the off-duty police officer, while acting in the scope of his private employment, were wrongfully to violate another citizen's civil rights or cause injury or property damages, both the off-duty officer as well as the employer could be liable in a civil action—not the officer's governmental employer. *Stewart v. State, supra.*

■ Here, the People's reliance upon § 18–3–201 et seq., C.R.S. (1986 Repl.Vol. 8B) and *People v. Rael*, 198 Colo. 225, 597 P.2d 584 (1979) is totally misplaced. The crimes defined in these statutes and present in *Rael* are crimes against the person, first and second degree assault, which are exacerbated if the victim is a peace officer. The acts which would constitute these crimes were not alleged to have occurred here. Resisting arrest, on the other hand, is a crime against an official governmental function. While first or second degree assault are crimes irrespective of the authority of the victim, the acts which constitute resisting arrest do not constitute a crime unless the person attempting to effect the arrest is acting "under color of his official authority" as defined by § 18–8–103, C.R.S.

■ Here, the off-duty officer was not acting in his capacity as a police officer for the Aurora Police Department at the time he attempted to effect an arrest. The Au-

rora police department had not assigned him to function as a guard for Skate City, nor did his regularly assigned duties for the Aurora Police Department include any at the skating arena. Thus, the off-duty officer, in attempting to make an arrest, was acting solely in his capacity as a citizen whose job title was that of a security guard.

Accordingly, we agree with the trial court's findings and conclusion that the off-duty officer was not acting under color of official authority when he attempted to arrest J.C.C., and thus J.C.C. was not required to comply.

## II.

The People also contend that the district court erred in not finding it unlawful to resist arrest by off-duty officers while in uniform or, if out of uniform, who disclose their identity while acting under color of their official authority.

We need not address this contention as it is moot in light of our affirmance that the off-duty officer was not acting under color of his official authority.

Judgment affirmed.

HUME and NEY, JJ., concur.