Adib K. TIMBUKTU, Plaintiff–Appellant,

v.

Arthur KOCH, et al., Defendants–Appellees.

No. 02–2002.

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Adib Timbuktu filed this civil rights action, *see* 42 U.S.C. § 1983, alleging that various police officers violated his Fourth Amendment rights by falsely arresting him and by subjecting him to an unreasonable search. The district court entered summary judgment in favor of the defendants. We affirm.

On January 13, 2000, University of Wisconsin–Milwaukee police received word that the campus bookstore had been robbed. According to an eyewitness, after security officers had approached a man and asked to see a receipt for a backpack, the man threw a piece of paper at them and took off. This piece of paper turned out to be a January 10 Milwaukee County Jail property receipt bearing Timbuktu's name and date of birth. The police contacted the jail and confirmed that Timbuktu had been released on that date. They also learned that he had been arrested several times for retail theft. The police then showed two other witnesses a six-photograph lineup. One of the witnesses failed to identify Timbuktu as the perpetrator, but the other selected him as one of two possible suspects. The police paid a visit to Timbuktu's home but he wasn't there. One of the occupants, however, advised that Timbuktu was out getting a haircut. The police later found Timbuktu inside a Milwaukee barbershop, arrested him, and then made him pull his pants down as part of their incidental search.

After his arrest, Timbuktu told police that he knew the whereabouts of a dead body. He then led officers on a wild goose chase to Waukesha County, but there was no body to be found. Timbuktu later admitted that he made the whole thing up. The police, however, were not amused–Timbuktu was charged in Milwaukee County with obstructing an officer. *See* Wis. Stat. § 946.41. Timbuktu moved to dismiss this charge and to suppress his statements regarding the dead body, claiming that the arrest and search were not supported by probable cause. After a hearing, a Milwaukee County Circuit Court judge denied his motions, concluding that the police had probable cause to arrest Timbuktu and that the search incident to his arrest was lawful. Timbuktu then pleaded guilty. Waukesha County later lodged the same charge against him for obstructing officers from their police department.

In December 2000 Timbuktu filed this action in federal district court. He sought an order restraining Waukesha County District Attorney Paul Bucher from prosecuting him for obstructing an officer. The complaint also accused Detective Arthur Koch and other unnamed officers of false imprisonment, and of violating his Fourth Amendment rights by subjecting him to a wrongful arrest and to an unreasonable search. In August 2001 Koch and Bucher moved for summary judgment. Two months later, the court granted Timbuktu's request to file an amended complaint adding as defendants Lieutenant Kent Peters and Detective Paul Sorrel. These newly added defendants then joined in Koch and Bucher's summary judgment motion.

In March 2002 the district court entered summary judgment in favor of the defendants. The court declined to exercise jurisdiction over Timbuktu's claim for injunctive relief against Bucher under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and it concluded that his damages claims against Koch, Peters, and Sorrel were barred by collateral estoppel.

Before we address the merits of Timbuktu's appeal, we note that his brief contains minimal analysis and argument challenging the district court's determinations, and also lacks citations to the record in violation of Rule 28(a)(9) of the Federal Rules of Appellate Procedure. *See Collins v. Educ. Therapy Ctr.*, 184 F.3d 617, 622 (7th Cir.1999).

■ These deficiencies notwithstanding, Timbuktu's appeal is meritless. He first argues that the district court erred by dismissing his claim for injunctive relief. The complaint specifically requested that the court enjoin Bucher from prosecuting him for obstructing an officer, but he later pleaded guilty to the charge. Now that

his criminal case is complete, his request to enjoin the proceedings is moot. *See Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir.1998). Moreover, even if the case were still pending, the district court correctly refused to interfere with a state criminal proceeding under *Younger*. *See Green v. Benden*, 281 F.3d 661, 666–67 (7th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 100, 154 L.Ed.2d 29 (2002).

■ The district court also entered summary judgment in favor of the defendants on Timbuktu's claims for damages, finding them barred by the doctrine of collateral estoppel, which precludes parties from relitigating issues. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The preclusive effect of a state court judgment in a federal case is a matter of state law. *Haring v. Prosise*, 462 U.S. 306, 313–14, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983); *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 856 (7th Cir.2002). In Wisconsin prior litigation precludes relitigation of an issue when a court of competent jurisdiction actually and necessarily decided it. *Robinson v. City of West Allis*, 239 Wis.2d 595, 619 N.W.2d 692, 701 (2000).

Here, the district court correctly held that Timbuktu's damages claims were precluded because prior to his guilty plea, the state court determined that his arrest and the police's search were supported by probable cause. The issue was actually decided–the state court made this determination after a hearing in which Timbuktu cross-examined three police officers, testified himself, and called another witness to

testify on his behalf. And it was necessarily decided–Timbuktu could not have been convicted of obstructing an officer if the police had been acting without probable cause. *See* Wis. Stat. § 946.41; *State v. Barrett,* 96 Wis.2d 174, 291 N.W.2d 498, 501 (1980). Therefore, because a finding of probable cause bars Timbuktu's damages claims, *see Abrams v. Walker,* 307 F.3d 650, 657 (7th Cir.2002); *Schertz v. Waupaca Co.,* 875 F.2d 578, 582 (7th Cir. 1989), the district court properly entered summary judgment for the defendants.

AFFIRMED.