CELIA FOY CASTILLO, Judge (specially concurring). CASTILLO, Judge (specially concurring). {26} I concur in the result of the majority opinion, but write separately because I disagree with the application of Doe II. Our Supreme Court held in Doe II that “[a]n arrest undertaken without probable cause does not vitiate all the authority of the arresting officer. Even if an arrest is effected without probable cause, a police officer is engaged in the performance of his official duties if ... [h]e is simply acting within the scope of what the agent is employed to do.” 92 N.M. at 103, 583 P.2d at 467 (internal quotation marks and citation omitted). From this I conclude that the only necessary inquiry is whether the officer acted within the scope of what he was employed to do. In my view, the phrase “lawful discharge of his duties” refers to the discharge of an officer’s duties as authorized by law and not to whether an officer mistakenly believed he had probable cause or reasonable suspicion. {27} A survey of other jurisdictions reveals that many other courts apply the same analysis: “The test is whether the agent is acting within that compass or is engaging in a personal frolic of his own. It cannot be said that an agent who has made an arrest loses his official capacity if the arrest is subsequently adjudged to be unlawful.” United States v. Heliczer, 373 F.2d 241, 245 (2d Cir.1967); see State v. Hatton, 116 Ariz. 142, 568 P.2d 1040, 1046 (1977) (in banc); People v. Johnson, 677 P.2d 424, 425 (Colo.Ct.App.1983); State v. Privitera, 1 Conn. App. 709, 476 A.2d 605, 612 (1984), abrogated on other grounds by State v. Brocuglio, 264 Conn. 778, 826 A.2d 145 (2003); City of Champaign v. Torres, 346 Ill.App.3d 214, 281 Ill.Dec. 350, 803 N.E.2d 971, 973-74 (2004), aff'd, 214 Ill.2d 234, 291 Ill.Dec. 768, 824 N.E.2d 624 (2005); Glover v. State, 88 Md. App. 393, 594 A.2d 1224, 1230 (1991); State v. Gardiner, 814 P.2d 568, 574 (Utah 1991); State v. Barrett, 96 Wis.2d 174, 291 N.W.2d 498, 500 (1980). There is no dispute that Officer Roberts acted within the scope of his duties, and I would affirm on that basis.