STATE, Appellant, v. HELNIK, Respondent.

*No. State 181.   Argued June 5, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 881.)

For the appellant the cause was argued by *Mary V. Bowman,* assistant attorney general, with whom on the briefs were *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general. *John C. Gower,* district attorney of Brown county, also presented argument.

For the respondent there was a brief and oral argument by *J. D. McKay* of Green Bay.

HANLEY, J. The sole issue on this appeal is whether a trial judge who finds the evidence insufficient to support a jury's verdict can set aside such verdict and, on his own motion, amend the information so as to charge a lesser crime which is, in fact, supported by the evidence.

It is the position of the state on this appeal that the proper test in determining a motion to set aside a verdict is whether there is any credible evidence to support the jury's answers. In support of such proposition the state cites *Braatz v. Continental Casualty Co.* (1956), 272 Wis. 479, 483, 76 N. W. 2d 303. *Braatz,* however, like numerous subsequent cases with similar holdings, was a civil case. Clearly, there was some credible evidence in this case which would support the jury's findings. But the question is whether the rule of *Braatz* is to be applied in criminal cases.

This question was answered in *State v. Hanks* (1948), 252 Wis. 414, 416, 31 N. W. 2d 596. There the trial court felt that it, as well as the jury, must be convinced beyond a reasonable doubt of the defendant's guilt. This court held that such was error and noted that the:

". . . defendant is entitled to the judgment of the trial court that there was adduced upon the trial evidence which if believed by the jury and rationally considered was sufficient to prove his guilt beyond a reasonable doubt. This is the extent of this right. De-

fendant has no right to demand that the trial court and every member of this court be affirmatively convinced of his guilt beyond a reasonable doubt. . . ."

In *State v. Caruso* (1969), 44 Wis. 2d 696, 703, 172 N. W. 2d 195, this court noted that there were five elements which must be proven prior to conviction for battery of a police officer (sec. 940.205, Stats.). Such elements were listed as follows:

"(1) Causing bodily harm to a peace officer or fireman;
"(2) The peace officer or fireman is acting in his official capacity;
"(3) Where the person knows or has reason to know that the victim is a peace officer or fireman;
"(4) Where the act is done with intent to cause bodily harm;
"(5) Without the consent of the person so injured."

In the instant case the trial court apparently felt that the third element had not been sufficiently proven, for in its decision it stated:

"In my opinion the state has failed to meet its required proof beyond a reasonable doubt that the defendant committed a battery on the police officer with knowledge that the victim was a police officer."

While the trial judge may not personally have been convinced of the defendant's guilt beyond a reasonable doubt, a reading of the record reveals sufficient evidence from which the jury could and apparently did conclude that the defendant knew or had reason to know that his victim was a police officer.

It is not disputed that Officers Burch and Officer were both in full uniform at the time they stopped the defendant's car. The record also shows that after the car was stopped, Officer Burch identified the defendant to Charles Officer while they were standing in front of the Chevrolet's headlights. Furthermore,

Officer Burch testified that the defendant had looked at him both when they were in front of the headlights and when he was trying to subdue the defendant. Under these circumstances, there was sufficient evidence upon which the jury could base its verdict.

We, therefore, think the trial court erred in changing the jury's verdict and that the subsequent sua sponte amendment of the information was likewise error.

As authority for his sua sponte amendment, the trial court relied upon sec. 971.29, Stats. (New Criminal Procedure Code). While it is unnecessary to decide whether such section was properly employed due to the fact that such section does not become effective until July 1, 1970, sec. 957.16 of the current statutes is pertinent.

Sec. 957.16, Stats., states:

"**Variances disregarded; amendment.** (1) The trial court may allow amendments in case of variance between the complaint or indictment or information and the proofs in all cases where the variance is not material to the merits of the action. After verdict the pleading shall be deemed amended to conform to the proof if no objection based on such variance was timely raised upon the trial."

In *La Fond v. State* (1967), 37 Wis. 2d 137, 154 N. W. 2d 304, 156 N. W. 2d 162, this statute was construed so as to allow a trial judge to sua sponte amend an information and find the defendant guilty of a lesser charge.

Admittedly, the trial in *La Fond* was held to the court without a jury but, if this court were to find that the evidence in the instant case was so inadequate as to allow the trial judge to set aside the verdict, there would, in light of *La Fond*, be no reason for not allowing the trial court to amend the instant information and enter judgment.

However, in view of the evidence tending to establish that the defendant knew, or should have known, that Officer Burch was an officer of the law, we conclude the trial court erred in setting aside the verdict and entering judgment on the crime of resisting arrest. Therefore, the judgment is reversed and the cause remanded to the circuit court with directions to reinstate the jury's verdict and pronounce judgment thereon.

*By the Court.*—Judgment reversed, and cause remanded to the circuit court for further proceedings in accordance with this opinion.