STATE, Respondent, v. ELBAUM, Appellant.

*No. State 169. Argued February 3, 1972.—Decided February 29, 1972.*
(Also reported in 194 N. W. 2d 660.)

For the appellant there was a brief by *Melvin F. Greenberg* and *Stuart Richter,* both of Madison, and oral argument by *Mr. Greenberg.*

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. Two issues have been raised by the defendant:

(1) Is the crime of resisting an officer a lesser-included offense in the crime of battery to a peace officer?

(2) Do the Wisconsin and federal constitutional prohibitions against double jeopardy bar prosecution against the defendant for battery to a peace officer?

The first issue has recently been resolved against the defendant by our opinion in *State v. Zdiarstek* (1972), 53 Wis. 2d 776, 785, 193 N. W. 2d 833. This case holds that resisting or obstructing an officer is not a lesser-included offense of the crime of battery to a peace officer:

". . . it is first necessary to determine whether or not the crime of resisting or obstructing an officer is an included crime of battery to a peace officer. The definition of included crime as applicable to the instant situation is found in sec. 939.66, Stats.:

" '(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; . . .'

The elements which must be proven to sustain a conviction for battery to a peace officer were stated by this court in *State v. Caruso* (1969), 44 Wis. 2d 696, 703, 172 N. W. 2d 195, and reaffirmed in *State v. Helnik* (1970), 47 Wis. 2d 720, 723, 177 N. W. 2d 881:

" " "(1) Causing bodily harm to a peace officer or fireman;

" ' " (2) The peace officer or fireman is acting in his official capacity;

" ' " (3) Where the person knows or has reason to know that the victim is a peace officer or fireman;

" ' " (4) Where the act is done with intent to cause bodily harm;

" ' " (5) Without the consent of the person so injured." '

The requirement that the defendant know or have reason to know that the peace officer is, at the time, acting in his official capacity is not an element of the offense described in sec. 940.205. *State v. Caruso, supra,* page 702. On the other hand, such a requirement is an element of sec. 946.41, which provides:

" '946.41 **Resisting or obstructing officer.** (1) Whoever knowingly resists or obstructs an officer while such officer is doing any act in his official capacity and with lawful authority. . . .'

The elements of this offense are:

" 'First, that the defendant (*resisted*) (*obstructed*) an officer.

" 'Second, that the officer was doing an act in his official capacity and with lawful authority.

" 'Third, that the defendant (*resisted*) (*obstructed*) the officer, knowingly; that is, that the defendant knew or believed that he was (*resisting*) (*obstructing*) the officer while the officer was acting in his official capacity and with lawful authority.' Wis J I—Criminal, Part II, 1765.

Because resisting or obstructing an officer requires the proof of this additional element (knowledge by the defendant that the officer was acting in his official capacity), resisting or obstructing an officer is not a lesser-included crime of battery to a peace officer."

The fifth amendment to the Constitution of the United States provides, in relevant parts, the following:

". . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb, . . ."

Art. I, sec. 8, of the Wisconsin Constitution, states in part:

"No person shall be held to answer for a criminal offense without due process of law, and no person for the same offense shall be put twice in jeopardy of punishment, . . ."

An important descriptive phrase in both constitutional provisions is "for the same offense."

As determined above, resisting an officer is not a lesser-included offense of the crime of battery to a peace officer as those crimes are statutorily described. Therefore, a prosecution for battery to an officer is not a prohibited second trial "for the same offense."

In addition to the constitutional provisions, sec. 939.71, Stats., provides:

**"Limitation on the number of convictions.** If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require."

A prosecution for battery to a peace officer is not barred under this section because of a prior prosecution for resisting an officer for the reason that each charge requires proof of a fact that the other does not.

The crime of battery to a police officer requires proof of causing bodily harm to a peace officer (or fireman) and an intent to cause bodily harm. These two elements are not necessary in proving the charge of resisting an officer.

The crime of resisting an officer requires proof that the defendant knew or believed he was resisting or obstructing the officer while the officer was acting in his official capacity with lawful authority. In a prosecution for battery to an officer it is not necessary to show that the defendant knew or believed the officer was acting in his official capacity and with lawful authority.

The defendant also contends that the doctrine of collateral estoppel applies and a prosecution that violates this rule violates the prohibition of double jeopardy. In support of his position he cites the United States Supreme Court case of *Ashe v. Swenson* (1970), 397 U. S. 436, 90 Sup. Ct. 1189, 25 L. Ed. 2d 469. At page 443 the court defined collateral estoppel in these terms:

" 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in *United States v. Oppenheimer*, 242 U. S. 85 . . . ."

The facts in *Ashe* completely distinguish it from the case at hand. In *Ashe*, three or four armed, masked men broke into a private home and robbed each of the six men playing poker there. The robbers fled and it has never been clear whether there were three or four of them. Three men were arrested on a highway near a field where a stolen car was found. The defendant was arrested by another officer some distance away. All four were charged with seven separate offenses—robbing each of the six poker players and stealing the car. The defendant went to trial charged with robbing just one of the six poker players. The evidence was overwhelming that six men had been robbed but very weak as to identification of the defendant. The jury found the defendant " 'not guilty due to insufficient evidence.' "

Shortly thereafter the defendant was tried again before another jury wherein he was charged with robbing a different one of the six players. The evidence was practically the same but proof of identification more convincing. The jury found the defendant guilty. The only real dispute in the first trial was the question of identity

and this was resolved in favor of the defendant. Under the rule of collateral estoppel, as set out above, this issue of ultimate fact had been resolved by valid and final judgment. The issue could not be litigated again by the same parties, namely, the state and the defendant.

Here, although both charges arose from the same incident, a valid conviction of battery to an officer required proof of different and additional ultimate facts. The first conviction for resisting an officer did not constitute a collateral estoppel to the prosecution for battery to an officer and it was not double jeopardy.

The evidence is sufficient to sustain the conviction of battery to a peace officer.

We do commend the practice of trying charges growing out of the same incident together, if it can be done fairly and reasonably, for the purpose of avoiding time-consuming and expensive trials of nearly duplicate evidence. However, failure to do so does not result in double jeopardy where each offense requires proof of an element not required by the other.

*By the Court.*—Judgment affirmed.