STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas C. LOSSMAN, Defendant-Appellant-Petitioner.

Supreme Court

*No. 83–328–CR. Argued February 2, 1984.—Decided May 30, 1984.*

(Also reported in 348 N.W.2d 159.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Ruth S. Downs*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Kirbie Knutson*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

HEFFERNAN, C.J.   This is a review of a one-judge unpublished decision of the court of appeals dated July 26, 1983, which affirmed a judgment of conviction of the circuit court for Wood county, Judge Frederic W. Fleishauer, presiding, which followed a jury verdict finding the defendant, Thomas C. Lossman, guilty of violating sec. 946.41(1), Stats., resisting or obstructing an officer.[1]

The trial court, using pattern jury instruction Wis. JI—Criminal 1765, instructed the jury that an essential element of the crime charged was that the defendant knew or believed that the officer he was resisting or obstructing was acting in his official capacity and with lawful authority.  The court of appeals found that knowledge or belief of lawful authority was not a required element of the crime.

The rationale of the court of appeals is not clearly spelled out.  The formulation of the court of appeals appears to be that the state was required to prove that a police officer was acting with lawful authority at the time, but whether the defendant knew, or had reason to know, that the officer was acting with lawful authority was irrelevant.  The court of appeals stated that sec. 946.41(1), Stats., does not on its face require knowledge that an officer is doing an act in an official capacity and with lawful authority.  It recognized that *State v. Zdiar-stek*, 53 Wis. 2d 776, 193 N.W.2d 833 (1972), required

---

[1] Sec. 946.41(1), Stats., provides:

"Whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority, is guilty of a Class A misdemeanor."

proof of knowledge by the defendant in respect to "official capacity," but it refused to extend what it referred to as the dicta of *Zdiarstek* to apply to the element of lawful authority. Both the state and the petitioning defendant disagree with the formulation of the court of appeals. Both agree that a defendant must be proved to have had actual knowledge or the actual belief, at the time of resisting or obstructing, that the officer was acting with lawful authority. They differ in respect to whether there was sufficient evidence adduced at trial to support the jury's verdict of guilty.

This court has never explicitly stated whether it must be proved that the defendant knew the officer was acting with lawful authority. It is that question which is posed on this appeal. We conclude that such knowledge, as an element of the crime, must be proved beyond a reasonable doubt by the state. Although we disagree with the court of appeals' conclusion in respect to what the statute requires to be proved, we agree with the decision of the court of appeals to affirm the circuit court. We affirm because we conclude that proof of the defendant's knowledge supplied by the state was sufficient to allow the jury to find that fact beyond a reasonable doubt.

The facts on which this prosecution is based are these. On September 20, 1981, at about 1:30 a.m., Deputy Sheriff Ward of the Wood County Sheriff's Department was patrolling when he saw a vehicle being driven erratically. He followed it onto Highway F on the assumption he might be dealing with a driver who was under the influence of alcohol. He saw the vehicle, later determined to be driven by Tim Tomfohrde, turn off its lights and head onto a gravel road, which was wholly on the property of Thomas Lossman. Deputy Ward at this time was in full uniform, wearing a holstered weapon, and driving a marked Wood county squad car.

Immediately after the turn onto the gravel road, Deputy Ward turned on the flashing red lights on the squad car.

The gravel road extended from Highway F to Highway 10, past Lossman's Hideaway tavern. Defendant Lossman was sitting in the barroom of his tavern when he saw the flashing red lights reflected in the mirror. He stated that there had been a lot of theft and his immediate thought was that the squad car was there in respect to the thefts. Lossman identified the vehicle as a squad car, and then he got into his truck and drove down the gravel road in the direction of Highway 10 to see what was going on.

In the interim, Tomfohrde had stopped in response to the red lights on the squad car. Deputy Ward directed Tomfohrde to get out of his car and to produce his driver's license. Both Deputy Ward and Tomfohrde were out of their vehicles when Lossman drove up in his truck. During the entire episode, the area was lighted by car headlights and by the flashing red signals on the squad car. Lossman later referred to the fact that the person he saw was an officer "with a gun."

As Lossman got out of his truck, he shouted, "What are you doing here? Who are you? Why are you here? Get off my property." The deputy, according to Lossman, told him that this was none of his (Lossman's) business, to which Lossman responded, "This is my business. You are on my land. I have a right to know what's going on." Officer Ward testified that, at that juncture, Lossman told Tomfohrde, "This guy's got no business being here. You can leave."

The deputy testified that he told Lossman he was making a traffic stop and had followed Tomfohrde down the gravel road. Defendant denied that the deputy told him he was making a traffic stop. While Tomfohrde corroborated the statements made by Lossman when he first got out of his truck, he could not verify the balance

of the statements during the altercation, because Deputy Ward told him to get back into his truck.

Thereafter, there ensued a struggle between the deputy and Lossman, which ended only when a state patrol officer, in response to Ward's radioed message for assistance, arrived and managed to place handcuffs on Lossman.

Lossman was charged with battery to a peace officer, in violation of sec. 940.20(2), Stats., and with resisting or obstructing a police officer, in violation of sec. 946.41. He was acquitted by the jury on the felony charge of battery but was found guilty by the same jury of resisting or obstructing an officer, a Class A misdemeanor. For this offense, he was placed on probation for eighteen months, and as a condition of his probation, he was directed to serve fifteen days in the county jail and to forfeit $200. If he performed eighty hours of community service, the forfeiture would be set aside.

Judgment was entered, and subsequently his postconviction motion for the vacation of the judgment or, alternatively, for a new trial was denied. The principal allegation on which the postconviction motion was based was the insufficiency of the evidence to show knowledge that the officer was acting with lawful authority. Because the court of appeals, erroneously we conclude, held that the proof of the defendant's knowledge that a police officer was acting with lawful authority was not an element of the crime, the evidentiary issue posed in the postconviction motion was not decided.

The question then is whether the statute makes defendant's knowledge that the officer was acting with lawful authority an element of the crime that must be proved in a prosecution pursuant to sec. 946.41(1), Stats. The trial court instructed the jury that, in order to find the defendant guilty of resisting or obstructing an officer, the state must prove beyond a reasonable doubt the following three elements:

"First, that the defendant resisted an officer.

"Second, that the officer was doing an act in his official capacity and with lawful authority.

"Third, that the defendant knew or believed that he was resisting the officer while the officer was acting in his official capacity and with lawful authority."

The trial court explained each of the elements in detail to the jury. There is no question that the trial court concluded that knowledge that the officer was acting with lawful authority was an element of the charge of resisting an officer, and the jury was properly so instructed.

The three elements of sec. 946.41(1), Stats., as set forth in the court of appeals decision are:

"(1) that defendant resisted or obstructed an officer; (2) that the officer was doing an act in his or her official capacity with lawful authority; and (3) defendant resisted or obstructed the officer knowingly; that is, that defendant knew or believed that he or she was resisting or obstructing the officer while the officer was acting in his or her official capacity and with lawful authority." (Ct. App. slip op. p. 4)

These elements are identical to those delineated by the trial court in its instructions to the jury, which are in accordance with Wis. JI—Criminal 1765. The court of appeals correctly cited *State v. Zdiarstek,* 53 Wis. 2d 776, 786, 193 N.W.2d 833 (1972), for the proposition that an element of sec. 946.41(1), Stats., is knowledge by the defendant that the officer was acting in his official capacity. It also pointed out that no prior cases held that a defendant had to have knowledge that the officer was acting with lawful authority.

The court of appeals went on to say, rather inexplicably, that the reference in *Zdiarstek, supra,* to Wis. JI—Criminal 1765, insofar as it required proof of defendant's knowledge of an officer's lawful authority,

was dicta. (Ct. App. slip op. at 5) It further stated that sec. 946.41(1) does not, on its face, require knowledge that an officer is doing an act in an official capacity or with lawful authority. The court also mentioned, in a footnote, that:

"Section 946.41, Stats., on its face only requires knowledge by a defendant that he or she is resisting or obstructing a police officer." (Ct. App. slip op. at 8 n. 1)

However, the court recognized it was bound by prior decisions of this court that knowledge that the officer was acting in his official capacity was an element of sec. 946.41(1), Stats., set forth in *Zdiarstek*. The court of appeals held, however, that knowledge by the accused that the officer was acting with lawful authority was not an element of sec. 946.41(1), because it would require the defendant to resolve complex legal questions and virtually remove the protections afforded police officers by the statute. Because the state had proved, and the defendant had conceded, that the deputy was acting with lawful authority, the court of appeals affirmed the defendant's judgment of conviction of resisting or obstructing an officer and the order denying postconviction motions. The court of appeals ignored any inquiry in respect to the defendant's state of mind at the time of the incident and hinged its decision only on the *post hoc* proof by the state that the deputy had been acting with lawful authority. While it acknowledged that the defendant must have knowledge of an officer's official capacity, it ignored the parallel requirement of the statute in respect to lawful authority. Had the court of appeals adhered to precedent, as it is required to do, this review would not have been necessary. It is apparent that it thought the decision of this court in *Zdiarstek* was wrong; and, hence, it attempted to avoid what is a clear and binding precedent.

Both parties before this court agree that knowledge by the accused that the officer was acting with lawful authority is an element of the crime of "resisting and obstructing officer," sec. 946.41 (1), Stats., and that the court of appeals was manifestly incorrect in holding otherwise. Section 946.41 (1) provides in pertinent part:

"(1) Whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority, is guilty of a Class A misdemeanor."

The defendant submits that sec. 946.41 (1), Stats., is unambiguous and that this court should not review matters outside the statutory language to determine its meaning. The state asserts that the statute is ambiguous and, hence, permits this court to undertake statutory construction to ascertain the legislature's intent when it enacted the section. Both parties come to the same conclusion—that a defendant's knowledge that an officer is acting with lawful authority is an element to be proved by the state. Because the final conclusion of the state is the same as that of the defendant, we find it unnecessary to explore the state's reasoning, particularly in view of the fact that we consider the statute clear and unambiguous, especially in view of the exactly parallel question in respect to "official capacity" already resolved in *Zdiarstek*.

A statutory section is ambiguous if reasonable persons could differ as to its meaning. *Kollasch v. Adamany*, 104 Wis. 2d 552, 561, 313 N.W.2d 47 (1981).

" 'The court should look to the language of the statute itself to determine if "well-informed persons" *should have* become confused.' " *Aero Auto Parts, Inc. v. Dept. of Transportation*, 78 Wis. 2d 235, 238, 253 N.W.2d 896 (1977), citing *National Amusement Co. v. Department of Revenue*, 41 Wis. 2d 261, 267, 163 N.W.2d 625 (1969).

If well informed individuals could understand the statute in two or more different senses, it is ambiguous. *State v. Britzke*, 108 Wis. 2d 675, 680, 324 N.W.2d 289 (1982).

The state contends that the statute on its face could be understood to mean (1) that the defendant must know only that he is resisting or obstructing an officer, or (2) that the defendant must know, not only that he is resisting or obstructing an officer, but also that the officer was acting in his official capacity and with lawful authority. The defendant, on the other hand, asserts, and we agree, that sec. 946.41(1), Stats., is unambiguous, because its grammatical construction leaves no doubt that the defendant must "knowingly" (*i.e.*, believe that the specified fact exists, sec. 939.23(2)) resist an officer "while such officer is doing any act in an official capacity and with lawful authority." Well informed individuals would not become confused by sec. 946.41(1). The section is unambiguous and has been found to be so by *Zdiarstek, supra.*

Absent ambiguity, it is the duty of the court to give words their obvious and ordinary meaning. *Department of Transportation v. Transportation Comm.*, 111 Wis. 2d 80, 330 N.W.2d 159 (1983). Section 946.41(1), Stats., breaks down into three elements. Those elements are, as set forth in Wis. JI—Criminal 1765:

"First that the defendant (*resisted*) (*obstructed*) an officer.
"Second, that the officer was doing an act in his official capacity and with lawful authority.
"Third, that the defendant (*resisted*) (*obstructed*) the officer, knowingly; that is, that the defendant knew or believed that he was (*resisting*) (*obstructing*) the officer while the officer was acting in his official capacity and with lawful authority."

The term, "know," is defined by sec. 939.23(2), Stats., as requiring "only that the actor believes that the specified fact exists."

The accused must believe or know he (1) resisted the officer, while the officer was (2) acting in an official capacity, *and* (3) with lawful authority. The belief requirement applies to all the specific facts which follow "knowingly" in the statute. Without resorting to cases such as *Zdiarstek* which have previously enunciated the requirements of sec. 946.41(1), resisting or obstructing an officer, the plain meaning of the words of the statute dictate that an element of the offense is that the accused have knowledge that the officer was acting with lawful authority when the accused resisted or obstructed the officer.

The phrases, "official capacity" and "lawful authority," are separated by the conjunctive, "and." This implies that the accused must have knowledge that the officer was both acting in an official capacity and acting with lawful authority when the accused resisted or obstructed him. The word, "and," is defined by Webster's International Third World Dictionary as:

"1a: along with or together with b: added to or linked to c: as well as d: again then again e: also at the same time f: then g: in addition to being."

The Random House Dictionary of the English Language defined "and" as "1 (used to connect grammatically coordinate words . . .) with; along with; together with; added to; in addition to"; and Black's Law Dictionary defined it as "A conjunction connecting words or phrases expressing the idea that the latter is to be added to or taken along with the first."

Because the word, "and," separates "official capacity" from "lawful authority," the plain meaning of the sen-

tence in question is that the state must prove that the accused knew the officer was acting in an official capacity, as well as that the accused knew the officer was acting with lawful authority.

As noted by this court in *State v. Barrett*, 96 Wis. 2d 174, 180–81, 291 N.W.2d 498 (1980), there is a difference between acting "with lawful authority" and acting "in his official capacity." In order that the officer be acting in his official capacity, the conduct must have some relation to his employment as a deputy, whereas acting with lawful authority goes to whether the officer's actions are conducted in accordance with the law. The grammatical construction and plain meaning of sec. 946.41(1), Stats., dictate that an element of resisting or obstructing an officer is that the accused know that the officer was acting with lawful authority at the time the accused resisted or obstructed the officer.

This court has construed sec. 946.41(1), Stats., several times in the past. In *State v. Zdiarstek*, 53 Wis. 2d 776, 786, 193 N.W.2d 833 (1972), the issue before the court was whether the offense of resisting or obstructing an officer, sec. 946.41(1), was a lesser-included crime of battery to a peace officer, sec. 940.205, Stats., 1971, currently sec. 940.20(2). After the court defined the elements of sec. 946.41(1) as those contained in Wis. JI—Criminal 1765 previously delineated, it held that "[b]ecause resisting or obstructing an officer requires the proof of this additional element (knowledge by the defendant that the officer was acting in his official capacity)," it is not a lesser-included offense of battery to a peace officer. *Id.* at 786. As the court of appeals correctly noted, *Zdiarstek* speaks only to knowledge that the officer was acting in his "official capacity." *Zdiarstek* did not state whether knowledge by the defendant that the officer was acting with lawful authority was an element of sec. 946.41(1). The court did not find it

necessary to engage in statutory construction. Rather, the court interpreted sec. 946.41(1) by giving effect to the import of the plain and ordinary meaning of its words. Having determined that the crime of resisting an officer required any element not required in the offense of battery to an officer, it was not necessary for the court to go further and indicate that another element of resisting an officer was that the accused have knowledge that the officer was acting with lawful authority. Nevertheless, the import and intended effect of *Zdiarstek* was clear and ought to have controlled the decision of the court of appeals.

In *State v. Elbaum,* 54 Wis. 2d 213, 194 N.W. 2d 660 (1972), this court again was called upon to address the issue of whether the crime of resisting an officer was a lesser-included offense in the crime of battery to a peace officer. Again the court stated, citing *Zdiarstek,* that the requirement that the defendant know or have reason to know that the peace officer is, at the time, acting in his official capacity is an element of the crime of resisting or obstructing an officer. The *Elbaum* court did not stop there, but went on to state that:

"The crime of resisting an officer requires proof that the defendant knew or believed he was resisting or obstructing the officer while the officer was acting in his official capacity with lawful authority. In a prosecution for battery to an officer it is not necessary to show that the defendant knew or believed the officer was acting in his official capacity and with lawful authority." 54 Wis. 2d at 218.

Consequently the court held that the offense of resisting or obstructing an officer was not a lesser-included offense in the crime of battery to a peace officer. Again this court in *Elbaum* did not engage in statutory construction when it defined sec. 946.41, Stats., to require proof that the accused knew or believed he was resisting

the officer while the officer was acting in his official capacity *with lawful authority.* The court gave sec. 946.41 (1) its plain and ordinary meaning.

The court of appeals was incorrect when it stated that, "No prior cases hold that the state must prove that a defendant had knowledge that the officer was acting with lawful authority." (Ct. App. slip op. at 4) Clearly, *Elbaum* held not only that sec. 946.41 (1) required proof that the accused knew the officer he was resisting or obstructing was acting in his official capacity, but also that the accused knew the officer was acting with lawful authority. The court of appeals did not discuss *Elbaum.*

Even without the benefit of the *Elbaum* decision, the element that the accused has knowledge that the officer was acting with lawful authority flows directly from this court's decision in *Zdiarstek.* Although *Zdiarstek* expressly only recognized that an element of sec. 946.41 (1) was knowledge by the accused that the officer was acting in his "official capacity," it implicitly was cognizant of the language of the statute which provides the requirement of a second element, "while such officer is doing any act in an official capacity *and* with lawful authority." (Emphasis supplied.) As stated above, the word, "and," is a conjunctive which separates the two requirements that the accused know the officer was acting (1) in an official capacity and (2) with lawful authority. Sutherland, 1A *Statutory Construction* (4th ed.), sec. 21.14, states:

"Where two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive 'and' should be used."

Thus, the plain meaning of sec. 946.41 (1), Stats., requires that, in order to sustain a conviction for resisting or obstructing an officer, the state must prove beyond

a reasonable doubt that the accused knew the officer was acting in an official capacity and knew the officer was acting with lawful authority when he allegedly resisted or obstructed the officer.

The rationale of the court of appeals was inappropriate, flies in the face of precedent established by this court, and its conclusion is wrong.

Because the court of appeals erred in concluding that the state did not need to prove the defendant's knowledge that the officer was acting with lawful authority, it did not determine whether the evidence was sufficient.

The trial court properly instructed the jury. In the event the evidence is insufficient, the defendant must be discharged, for trial error has been alleged; and to retry a defendant because the state failed in its initial proof flies in the fact of the double-jeopardy clause.

We conclude that the jury, being properly charged, could find the defendant guilty and that the evidence produced was sufficient to prove guilt beyond a reasonable doubt. Again it is to be emphasized that the only evidentiary fact questioned is proof of the defendant's knowledge that the deputy sheriff was acting with lawful authority.

This court has stated that, when the sufficiency of the evidence is challenged, "the test is whether this court can conclude that the trier of fact could reasonably be convinced that the defendant was guilty beyond a reasonable doubt." *State v. Gaudesi,* 112 Wis. 2d 213, 222, 332 N.W.2d 302 (1983) ; *Frankovis v. State,* 94 Wis. 2d 141, 287 N.W.2d 791 (1980). In *State v. Burkman,* 96 Wis. 2d 630, 643, 292 N.W.2d 641 (1980), the court phrased the standard of review by stating that:

"Reversal is only required when the evidence considered most favorably to the state and the conviction is so insufficient in probative value and force that it can

be said as a matter of law that no trier of facts acting reasonably could be convinced to that degree of certitude which the law defines as 'beyond a reasonable doubt.' "

In *Bautista v. State,* 53 Wis. 2d 218, 223, 191 N.W.2d 725 (1971), the court summarized the rules which apply to review of the sufficiency of the evidence as follows:

"Several rules applied in appellate review of the sufficiency of the evidence in criminal cases have been stated so frequently in our late cases that they need no citation of authority to support them. The burden of proof is upon the state to prove every essential element of the crime charged beyond reasonable doubt. The test is not whether this court or any of the members thereof are convinced beyond reasonable doubt, but whether this court can conclude the trier of facts could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true. A criminal conviction can stand based in whole or in part upon circumstantial evidence. The credibility of the witnesses and the weight of the evidence is for the trier of fact. In reviewing the evidence to challenge a finding of fact, we view the evidence in the light most favorable to the finding. Reasonable inferences drawn from the evidence can support a finding of fact and, if more than one reasonable inference can be drawn from the evidence, the inference which supports the finding is the one that must be adopted. Our review of the record in response to a challenge to the sufficiency of the evidence is so limited by these rules."

*See, also, State v. Alles,* 106 Wis. 2d 368, 376–77, 316 N.W.2d 378 (1982).

Neither party contests the fact that Deputy Ward was acting with lawful authority when he made a traffic stop on the defendant's property on the morning of September 20, 1981. The question is whether the evidence was sufficient to establish that the defendant knew the officer was acting with lawful authority at the time. Section 946.41(1), Stats., provides, "Whoever knowingly . . . ." " 'Know' requires only that the actor believes

that the specified fact exists." Sec. 939.23 (2). Thus, the issue, perhaps more accurately, may be framed as whether the evidence was sufficient to establish that the defendant believed that the specific fact—that the deputy was acting with lawful authority—existed at the time the defendant was resisting the deputy.

During oral argument there was a great deal of questioning about the level of knowledge the state had to prove in order to convict an accused of knowingly resisting an officer acting with lawful authority. Initially, the state appeared to be advocating that the level of knowledge was not what the defendant believed but what the defendant *had reason* to believe, that is:

"A defendant's knowledge that an officer is acting with lawful authority is established by showing that he observed the officer doing something which it is common knowledge that officers are authorized to do, such as issuing a traffic ticket."

However, during oral argument, the state asserted that the knowledge that had to be proven was the subjective intent or belief of the defendant as evidenced by what he did, what he said, what was told him, and any other relevant evidence, be it subjective or objective, that would indicate the defendant's belief. The defendant, agreeing, also contended that the subjective knowledge or belief of the accused should be based not only on what the defendant said or did, but also on objective evidence. In other words, the defendant argued that, in determining the subjective intent of the accused, the totality of the circumstances must be analyzed to gather the import of what the accused said or did. The position of the parties does not differ in any relevant respect.

Both parties agree, and we join in that agreement, that, in order for the state to prove that the defendant knew or believed that the officer was acting with law-

ful authority, the defendant's subjective intent must be ascertained, based on the totality of the circumstances, including what the defendant said or did, what the officer said or did, and any objective evidence which is available. In *State v. Stanfield*, 105 Wis. 2d 553, 563, 314 N.W.2d 339 (1982), this court stated that, "Whether a defendant possesses a particular intent is to be determined by the jury upon consideration of 'the totality of the circumstances.'" The question of intent is generally one to be determined by the trier of fact. *State v. Grady*, 93 Wis. 2d 1, 286 N.W.2d 607 (Ct. App. 1979). Lord Bowen in 1882 said, "'The state of a man's mind is as much of a fact as the state of his digestion.'" Prosser, *Law of Torts* (hornbook series, 3d ed.) p. 745, sec. 104.

In order to resolve the issue of whether there was sufficient evidence upon which a jury could have found that the defendant knew, or believed, that the officer was acting with lawful authority, we review the evidence that was presented to the jury and determine, under the totality of the circumstances, whether the jury could have found that the accused believed that the officer was acting with lawful authority.[2] It bears repeating that the jury verdict will be overturned only if, viewing the evidence most favorably to the state and the conviction, it is inherently or patently incredible, or so lacking in probative value, that no jury could have found guilt beyond a reasonable doubt. *State v. Alles*, 106 Wis. 2d 368, 376–77, 316 N.W.2d 378 (1982), citing to *Fells v. State*, 65 Wis. 2d 525, 529, 223 N.W.2d 507 (1974).

[2] Ordinarily, we do not on discretionary review determine the sufficiency of the evidence. That ordinarily is the function of the court of appeals. *Winkie, Inc. v. Heritage Bank of Whitefish Bay*, 99 Wis. 2d 616, 621, 299 N.W.2d 829 (1981). Because of the court of appeals' error of law, it thought it unnecessary to review the evidence.

We conclude, based upon the facts of record recited earlier in this opinion, that a jury acting reasonably could have found, beyond a reasonable doubt, that the defendant believed the officer was acting with lawful authority. There is no question but that the jury was instructed that an element of sec. 946.41(1), Stats., was that the accused knew the deputy was acting with lawful authority. It is undisputed that the defendant asked the deputy who he was and what he was doing and ordered him off his property. He knew that the vehicle was a squad car. He saw the insignia on the uniform and the holstered weapon. He assumed initially that the arrival of the squad car had to do with an investigation of theft on the property. There was a dispute as to whether the deputy told the defendant that he was in the process of making a traffic stop. The deputy stated he was there for that purpose. Where there is conflict in a witness' testimony, it is within the province of the trier of fact to determine the weight and credibility to be given the testimony. *Thomas v. State,* 92 Wis. 2d 372, 284 N.W.2d 917 (1979). It must also be noted that, in weighing the evidence, the jury may take into account matters of common knowledge and experience in the affairs of life. *Coenen v. Van Handel,* 269 Wis. 6, 68 N.W.2d 435 (1955); Wis. JI—Criminal 195.

The accused may not have believed the deputy was acting with lawful authority, but the question is whether a jury, acting reasonably, could be so convinced that the defendant knew the officer was acting with lawful authority. Based on the evidence that the officer was in full uniform, driving a marked patrol car, which still had its headlights on and red flashing lights, and that the officer told the defendant a traffic stop was in progress, a jury acting reasonably, properly under the evidence, could have determined beyond a reasonable

doubt that the defendant knew, or believed, that the deputy was acting with lawful authority.

We affirm the court of appeals, which affirmed the defendant's judgment of conviction, because there is sufficient evidence to sustain the jury's verdict that the defendant knew the officer was acting with lawful authority on September 20, 1981.[3]

Additionally, error was claimed because the court refused an offer of proof in respect to previous encounters by Lossman with the police on his premises. The offer of proof would have tended to show that the police did not give adequate protection to Lossman, and that on earlier occasions he had been harassed by the sheriff's department and, on one occasion, he had received an apology from the sheriff for the conduct of the sheriff's officers. The trial counsel's strategy was to have this testimony admitted as evidence of the defendant's state of mind that the deputy was unlawfully on his land and to support his defense theory in respect to the battery. While there was some peripheral relevance in respect to the battery, that charge was dismissed after a jury verdict of not guilty. In respect to the other charge—the question of obstructing or resisting an officer—the relevance is not apparent. On none of the occasions mentioned in the offer of proof was there evidence that the sheriff's officers had not acted with lawful authority. There was evidence that they acted negligently (slammed a car door on Lossman's leg) and arrogantly (referring

[3] There is no merit to the defendant's suggestion that the jury improperly used a negative inference to convict him. *Stewart v. State*, 83 Wis. 2d 185, 193–95, 265 N.W.2d 489 (1978). In this case there is sufficient evidence, independent of the defendant's disbelieved claim of innocence, on which a reasonable jury could base its conclusion that the defendant knew, or believed, the officer was acting with lawful authority. The jury did not merely convict the defendant because they did not believe him.

to Lossman as a "dummy"). While there was evidence proffered that might have tended to show justification for Lossman's pique at past antics of the sheriff's department, they were not relevant to the present situation. If anything, they could be construed as prior conduct within authority. Moreover, there were numerous incidents Lossman wished to recount which the trial judge stated were likely to be of such a nature that the prejudice would outweigh the probativeness.

The trial judge stated the basis for not allowing the testimony into evidence was that, under sec. 904.03, Stats., the probative value of the evidence was outweighed by the potential confusion of the issues and surprise. The judge relied on evidence pertinent only to the facts of the instant case, because he determined that this was not the case of repeated wrongful conduct on the part of the sheriff's department. At trial, the judge was not requested by defense counsel to admit only the single 1977 car-door occurrence. Rather, trial defense counsel sought to introduce several incidents in which the defendant had unpleasant experiences when he contacted the sheriff's department. To have allowed the defendant to relate numerous altercations with the sheriff's department would surely have confused the issue before the jury and would probably have misled them. The trial judge had a reasonable basis upon which he exercised his discretion not to admit the proffered testimony into evidence.

Additionally, the testimony which the defendant alleges was improperly excluded from evidence should not have been admitted, because it was not relevant to the issue before the court. Relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Sec. 904.01, Stats. The fact that the de-

fendant had on one occasion in the past been called a name—a "dummy"—by an officer does not make the existence of whether the defendant believed Deputy Ward to be acting with lawful authority more or less probable. There was no evidence that the officer who called the defendant a name in 1977 was either acting with or without lawful authority on that occasion. Even if that officer was not acting with lawful authority, it would have no relevance to whether the defendant believed four years later that a different deputy was not acting with lawful authority when the deputy stopped a third party for a traffic violation on the defendant's property.

We conclude that the offense of resisting or obstructing an officer, sec. 946.41(1), Stats., requires as one of its elements that the accused know that the officer was acting with lawful authority; that there was sufficient evidence upon which a reasonable jury could have concluded that the defendant believed or knew that Deputy Ward was acting with lawful authority on September 20, 1981; and that the trial court did not abuse its discretion when it excluded certain of the defendant's testimony from evidence. Accordingly, we affirm the court of appeals decision.

*By the Court.*—Decision affirmed.

SHIRLEY S. ABRAHAMSON J. (concurring). I join the court's opinion. I write separately to comment on a practical problem in appellate practice, namely, how appellate counsel and this court should handle issues not addressed by the court of appeals.

The court's opinion properly addresses issues not addressed by the court of appeals. See *supra,* pp. 543–547. [1]

---

[1] As I have written previously, in the interest of judicial economy, speedy resolution of appeals, reduced costs to the litigants, and finality of decisions, if all the issues have been briefed I would have this court decide the entire case when it is before us

The record is before us and the issues have been briefed in this court.

In some cases in the past, we have decided the "undecided issues." In other cases in the past, we have remanded the undecided issues to the court of appeals.[2] We have not explained why we take one approach or the other. Counsel are unable to predict whether this court will decide the "undecided" issues or remand them to the court of appeals. Counsel therefore are uncertain whether to raise and brief these "undecided" issues in this court.

In this case, the defendant's reply brief recognized that the undecided issues in this case were not raised in the petition for review (sec. 809.62(6), Stats. 1981–82), or in this court's order granting the petition, or in the defendant's brief-in-chief. The defendant's reply brief further recognized that this court might nevertheless "take it upon itself" to decide these issues and discussed these issues. The state's brief addressed the undecided issues.

I write to call counsels' attention to take care in their petitions for review and in their briefs and oral arguments in this court to consider how the undecided issues should be resolved.

---

on review. See, e.g., State v. Sarabia, 118 Wis. 2d 655, 674, 348 N.W.2d 527 (1984) (Abrahamson, J., concurring and dissenting); Soquet v. Soquet, 117 Wis. 2d 553, 461, 345 N.W.2d 401 (1984) (Abrahamson, J., concurring); Shopper Advertiser v. Department of Rev., 117 Wis. 2d 223, 236, 344 N.W.2d 115 (1984) (Abrahamson, J., concurring and dissenting); Radtke v. City of Milwaukee, 116 Wis. 2d 550, 558, 342 N.W.2d 435 (1984) (Abrahamson, J., concurring and dissenting); Crown Life Ins. Co. v. LaBonte, 111 Wis. 2d 26, 45, 330 N.W.2d 201 (1983) (Abrahamson, J., concurring and dissenting).

[2] See, e.g., State v. Marshall, 113 Wis. 2d 643, 656, 335 N.W.2d 612 (1983); State v. McConnohie, 113 Wis. 2d 362, 375, 334 N.W. 2d 903 (1983); and State v. Derenne, 102 Wis. 2d 38, 48, 306 N.W. 2d 12 (1981).